NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAIDA ZHANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-73802

Agency No. A206-543-155

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 10, 2020
Pasadena, California

Before:  WATFORD and BENNETT, Circuit Judges, and RAKOFF,[**] District Judge.

Kaida Zhang ("Petitioner"), a citizen and native of China, petitions for review of a Board of Immigration Appeals order denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture Act ("CAT") on adverse credibility grounds. We have jurisdiction under 8 U.S.C. § 1252, and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

affirm.

"[W]e review adverse credibility determinations under the substantial evidence standard." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The court "must uphold the [] adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). "Because credibility determinations are findings of fact by the [Immigration Judge], they 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* at 1087 (quoting 8 U.S.C. § 1252(b)(4)(B)).

Based first on the Immigration Judge's ("IJ") demeanor findings and second on his analysis of Petitioner's testimony regarding the way Petitioner obtained notarized documents prior to his return to the United States, we find that substantial evidence supports the adverse credibility finding. The IJ provided specific and cogent reasons for disbelieving Petitioner's testimony because of Petitioner's demeanor while testifying. *See id.* at 1088 ("The IJ 'must . . . offer specific, cogent reasons for any stated disbelief.'" (citation omitted)). The IJ also provided specific and cogent reasons for disbelieving Petitioner's explanations regarding certain documents he brought to the United States on his second trip where Petitioner did not need the documents to enter the United States on his first trip only a few months earlier and denied planning on applying for asylum during the second trip.

Petitioner's remaining evidence did not independently establish his claims for

asylum, withholding of removal, or CAT relief.

**PETITION DENIED.**